IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEON EMANUEL CRAIG,       : CIVIL NO. 3:07-CV-1157
    Plaintiff :
                          : (Judge Munley)
v.                        :
                          :
MR. KELCHNER, et al.,     :
    Defendants :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court are plaintiff's motions to vacate this court's order of October 7, 2009, and impose sanctions (Docs. 122, 148). For the reasons that follow, the motions will be deemed unopposed and granted. Also pending is defendants' motion for leave to file their summary judgment motion out of time (Doc. 132). This motion will be denied.

**I. Relevant Procedural Background**

Between November 7, 2008, and January 5, 2009, plaintiff filed several motions, including a motion to compel (Doc. 87) and motion for sanctions (Doc. 89). Defendants failed to respond to the motions. Consequently, on May 7, 2009, an order issued directing defendants to respond to the motions. (Doc. 96.) A response brief was filed on May 18, 2009. (Doc. 97.) Therein, defendants conceded that the portion of the motion in which plaintiff argued that he had not been given access to documents they agreed to produce had merit and they agreed to produce those documents. On June 15, 2009, a memorandum and order issued granting, in part, plaintiff's motion to compel and directing defendants to

provide plaintiff with certain discovery on or before June 29, 2009. (Doc. 104). On July 13, 2009, plaintiff filed a motion for sanctions complaining that defendants failed to comply with the order of June 15, 2009. (Doc. 108). Defendants' failure to oppose plaintiff's motion resulted in an order directing defendants to show cause why the motion for sanctions should not be granted. (Doc. 114.) In response to the show cause order, defendants filed a brief in opposition to plaintiff's motion for sanctions. (Doc. 116.) An order was entered on October 7, 2009, conditionally denying plaintiff's motion for sanctions and directing defendants to provide discovery to plaintiff. (Doc. 119). Defendants failure to provide all discovery in accordance with the October 7, 2009 order prompted plaintiff's request to vacate that order and his renewed request for imposition of sanctions. (Doc. 122.) Again, defendants failed to oppose plaintiff's motion, causing the entry of an order directing that they show cause why they should not be held in contempt of court. (Doc. 124.) Defendants then filed a response to the show cause order. (Doc. 125.) In the meantime, plaintiff filed a second motion to vacate and another motion to compel discovery. (Docs. 148, 146, respectively.) On January 25, 2010, the court issued an order discharging the show cause order and directing defendants to respond to the motion to compel and plaintiff's motions to vacate and impose sanctions on or before February 8, 2010. (Doc. 149.) Despite being afforded additional time to respond to the motions, and being cautioned that the failure to respond would result in the motions being deemed unopposed, defendants failed to respond to any of the motions.

II. Discussion

It is fundamental that failure to comply with a court's discovery order may result in

the imposition of sanctions under Federal Rule of Civil procedure 37(b)(2). Issuance of a court order requiring the production of discovery materials in response to a motion to compel provides a party with notice that discovery sanctions may follow if the order is not complied with. FED.R.CIV.P. 37(b)(2).

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to impose sanctions on a party who violates an order of the Court to "provide or permit discovery." Sanctions for violation of Rule 37(b)(2)(A) include orders by the court ranging from designating that certain facts be admitted, to prohibiting the disobedient party from supporting or opposing designated claims or defenses, to monetary damages or even the dismissal of all or part of the action. FED.R.CIV.P. 37(b)(2)(A)(I)-(vii). Whether to impose such sanctions is committed to the Court's discretion. See Flaherty v. M.A. Brunder & Sons, Inc., 202 F.R.D. 137, 141 (E.D.Pa. 2001). In exercising this discretion, the Court is guided by the following standards. Any sanction imposed should be just. Further, the sanction must be specifically related to the particular claim or claims at issue in the order to provide discovery violated by the offending party. Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites, 456 U.S. 694, 707 (1982). Within the context of these principles, the Court is to assess the culpability of the offending party and the prejudice to the party seeking sanctions. See Estate of Spear v. Comm'r of Internal Revenue, 41 F.3d 103, 111 (3d Cir.1994).

There is no question that counsel for defendants is the offending party in this instance. Counsel has significantly taxed judicial resources and is solely responsible for failing to

comply with orders of court and completely disrupting the orderly flow of the litigation. In addition, counsel has continuously ignored plaintiff's discovery requests and motions, thereby causing him to incur additional expenses and great inconvenience. Consequently, counsel will be sanctioned as follows. In mounting a defense to this matter, defendants will be prohibited from relying on any of the discovery that is the subject of plaintiff's motions. A base monetary sanction will be imposed with a portion being paid to plaintiff and a portion to the United States District Court for the Middle District of Pennsylvania. In addition, counsel will be required to remit to the court an additional sum of money each and every day until defense counsel turns over all of the discovery to plaintiff.

III. Conclusion

Based on the foregoing, plaintiff's motions to vacate (Docs. 122, 148), the portion of this court's order of October 7, 2009 (Doc.119), conditionally denying his motion for sanctions will be deemed unopposed and granted and defense counsel will be sanctioned as set forth above.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEON EMANUEL CRAIG, : CIVIL NO. 3:07-CV-1157
        Plaintiff :
: (Judge Munley)
v. :
:
MR. KELCHNER, et al., :
        Defendants :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 11th day of February 2010, upon consideration of plaintiff's motions to vacate and impose sanctions (Doc. 122, 148), and defendants' motion for leave to file their summary judgment motion out of time (Doc. 132), and in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. Plaintiff's motions to vacate and impose sanctions (Doc. 122, 148), are DEEMED unopposed and GRANTED.

2. The portion of this court's order of October 7, 2009, conditionally denying sanctions is VACATED.

3. Sanctions are imposed as follows:

    a. Defendants are prohibited from relying on any of the discovery that is the subject of plaintiff's motions in the defense of this matter.

    b. A monetary sanction in the amount of $200.00 is imposed against defense counsel, Gwendolyn T. Mosley, Esq. The sum of $100.00 is to be deposited directly into the inmate account of plaintiff on or before February 18, 2010. Counsel shall certify to the court that this deposit has been complete. Defense counsel, Gwendolyn T.

5

Mosley, Esq., shall remit the sum of $100.00 to the "Clerk of Court, United States District Court for the Middle District of Pennsylvania" on or before February 18, 2010.

c. Defense counsel, Gwendolyn T. Mosley, Esq., will be required to remit to the court an additional sum of $50.00 each and every day from this date until defense counsel turns over all of the discovery to plaintiff and certifies to the court that she has complied with this requirement .

4. Defendants' motion for leave to file their motion for summary judgment out of time (Doc. 132) is DENIED.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court